LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2107 GAF (VBKx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Bernadette Alabanza v. Express Capital Lending et al | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

### ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION, STRIKING ALLEGATIONS OF CIVIL RIGHTS AND ELECTIVE FRANCHISE JURISDICTION

**I.
INTRODUCTION & BACKGROUND**

On March 13, 2012, Plaintiff Bernadette Alabanza filed this suit against Defendants Express Capital Lending ("Express"), Commonwealth Land Title ("CLT"), Commonwealth Land Title Company ("CLT Co."), One West Bank, FSB ("One West"), Aurora Loan Services LLC ("Aurora"), Lehman Brothers Holdings Inc. ("Lehman Bros."), Structured Asset Securities Corporation ("SAS"), U.S. Bank, N.A. ("US Bank"), Deutsche Bank National Trust Company ("Deutsche Bank"), Lasalle Bank N.A. ("Lasalle"), Wells Fargo Bank, N.A. ("Wells Fargo"), Lehman XS Trust ("Lehman Trust"), Quality Loan Services ("QLS"), Roger Stotts, Michael Arce, Erica A. Johnson, Franebra Harris, Erica A. Johnson-Seck, and Filishia M. Swain, seeking monetary damages, declaratory relief, and restitution in connection with the allegedly unlawful foreclosure of her home in Los Angeles. (Docket No. 1 [Compl.].) Plaintiff asserts one federal claim under the civil Racketeer Influenced and Corrupt Organization's Act ("RICO"), 18 U.S.C. §§ 1961 et seq. and various claims under California law.

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction); under 28 U.S.C. § 1332 (diversity jurisdiction); and under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (civil rights and elective franchise jurisdiction). (Id. ¶ 1.) Although the Court is satisfied that federal question jurisdiction is present in this case, it cannot

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2107 GAF (VBKx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Bernadette Alabanza v. Express Capital Lending et al | | |

presently conclude that jurisdiction exists on the basis of diversity of citizenship, as set forth below.  Accordingly, Plaintiff is **ORDERED to show cause** why her allegations of diversity jurisdiction should not be stricken.  The Court concludes that civil rights and elective franchise jurisdiction is not present in this case; accordingly, the Court **STRIKES** Plaintiff's reference to jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1982 in ¶ 1 of the Complaint.

## II.
## DISCUSSION

### A.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (court has duty to establish subject matter jurisdiction over action sua sponte, whether the parties raise the issue or not).

### B.  APPLICATION

#### 1.  CIVIL RIGHTS AND ELECTIVE FRANCHISE JURISDICTION

42 U.S.C. § 1983 permits any person who has suffered a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law to bring a civil action seeking redress, and § 1985 permits claims for conspiracy to interfere with civil rights.  42 U.S.C. §§ 1983, 1985.  Federal jurisdiction for these civil rights actions is pursuant to 28 U.S.C. § 1343.  See Parks v. Mohave County Sheriff's Dep't, No. CV 11–8175–PCT–GMS (DKD), 2012 WL 525523, at *2 (D. Ariz. Feb. 16, 2012).

Here, Plaintiff's Complaint does not assert any Constitutional or federal statutory civil rights claims pursuant to 42 U.S.C. §§ 1983 or 1985.  Thus, this Court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1343.  Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Pursuant to this Rule, the Court **STRIKES** Plaintiff's allegation of jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 in ¶ 1 of her Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2107 GAF (VBKx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Bernadette Alabanza v. Express Capital Lending et al | | |

**2. DIVERSITY JURISDICTION**

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). National banking associations are "deemed citizens of the States in which they are respectively located," 28 U.S.C. § 1348, and are deemed to be "located" in the state(s) in which their main offices, as set forth in the articles of incorporation, are located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). For trusts, diversity citizenship is based on the citizenship of the trustee, id., or both the trustee and the beneficiary. Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007).

Plaintiff has failed to properly allege citizenship for any of the parties to this action. Rather, she alleges only that she "resides" in California and that all of the non-individual Defendants "do business" in California. (See Compl. ¶¶ 7, 9–19.) Plaintiff makes no allegations as to the citizenship of any of the individual defendants. (See id. ¶¶ 20–25.) Accordingly, the Court is unable to conclude that complete diversity exists in this case.

### III.
### CONCLUSION

For the reasons set forth above, the Court **STRIKES** Plaintiff's allegation of federal jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Monday, April 23, 2012**, as to why the Court should not strike the allegations of diversity jurisdiction from her Complaint. **Failure to respond by this deadline will be deemed consent to striking the diversity allegations.**

**IT IS SO ORDERED.**